UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CAJUN KLEEN PRODUCTS, LLC** | * | **CIVIL ACTION NO. 16-0062** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **PAUL RIDER, PROFESSIONAL CAR PRODUCTS, LLC, AND RODNEY POTTS, JR.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions: 1) special motion to strike pursuant to Louisiana Code of Civil Procedure Article 971, and associated request for a stay of discovery, dismissal of the counterclaim, and award of reasonable attorney's fees [doc. # 29], filed by defendant-in-counterclaim, Cajun Kleen Products, LLC ("Cajun Kleen"); and 2) motion to dismiss for failure to state a claim upon which relief can be granted, or alternatively, motion for summary judgment, pursuant to Fed.R.Civ.P. 12(b)(6) or 56, and associated request for fees and costs [doc. # 30], filed by defendant-in-counterclaim, Wess McCurdy. For reasons detailed below, it is recommended that the motion to strike be DENIED, but that the Rule 12(b)(6) motion be GRANTED in favor of both McCurdy and Cajun Kleen.

## Background

On January 14, 2016, Cajun Kleen filed the instant complaint against Paul Rider, Professional Car Products, L.L.C. ("PCP"), and Rodney Potts, Jr. Cajun Kleen contends that defendants misappropriated Cajun Kleen's secret cleaning formula, and, at least at the time suit was filed, were marketing the product to Cajun Kleen's customers and others, using a similar name likely to cause confusion or mistake. Accordingly, Cajun Kleen asserted claims for relief

for false designation of origin and dilution under the Lanham Act, 15 U.S.C. § 1125, for violation of the Louisiana Uniform Trade Secrets Act, La. R.S. § 51:1431, and the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. § 51:1401, *et seq*. Pursuant to the parties' joint motion, the court granted a preliminary injunction that enjoined defendants, *inter alia*, from selling its competing product until further order of the court. (Jan. 21, 2016, Order [doc. # 15]).

On January 28, 2016, defendants, PCP and Potts, filed their answer, defenses, and counterclaim against Cajun Kleen and Wess McCurdy, as owner of Cajun Kleen. [doc. # 23].[1] PCP and Potts alleged, in pertinent part, that,

> 7.
> in an attempt to eliminate competition, Cajun Kleen Products, LLC and its owner/member, Wess McCurdy and others on their behalf . . . have called and visited customers of Professional Car Products, LLC, and questioned them about the Defendant and its products and sought to purchase products of the Defendants.
>
> 8.
> Wess McCurdy and Cajun Kleen Products, LLC, falsely accused Professional Car Products, LLC and Rodney Potts, Jr. of misappropriating and using its "Trade secrets" to duplicate its products in violation of law, when, in fact, neither Rodney Potts, Jr. nor Professional Car Products, LLC, know of any such alleged "Trade secrets", and knowing the cleaning products business, doubt that any such alleged "Trade secrets" even exist.
>
> \*   \*   \*
>
> Defendants-in-counterclaim, by taking affirmative action to prevent defendants from continuing to sell and market a product and essentially force defendants out of competition have committed unfair and deceptive trade practices in violation of La. R.S. 51:1401, et. seq.

(Answer, Defenses, and Counterclaim [doc. # 23]).

On February 29, 2016, Cajun Kleen filed the instant special motion to strike pursuant to

---

[1] McCurdy was not a party to the principal demand. However, he may be joined as a party to the counterclaim pursuant to Rules 19 or 20. Fed.R.Civ.P. 13(h).

Louisiana Code of Civil Procedure Article 971, seeking dismissal of PCP and Potts' counterclaim, stay of discovery relating to the counterclaim until the motion is decided, and an award of reasonable attorney's fees and costs.

That same date, defendant-in-counterclaim, Wess McCurdy, filed the instant motion to dismiss the counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(6) or 56. In support of his motion, Wess McCurdy submitted his own declaration, signed under penalty of perjury, in which he averred that he had "never made any intentionally false statement to this Court or anyone else regarding the defendants in this lawsuit." (McCurdy Decl.; M/Dismiss or MSJ [doc. # 30]). Moreover, to his knowledge, he "never made any statement that was unintentionally false or not completely accurate regarding the defendants in this lawsuit." *Id*. Further, all actions taken by McCurdy that relate to this lawsuit were taken solely in his capacity as a member and manager of Cajun Kleen. *Id*.

On March 23, 2016, PCP and Potts filed their opposition memoranda. [doc. #s 32 & 33]. In their response to the motion to strike, PCP and Potts argued that their counterclaim was not subject to the special motion because it was not connected to a "public issue," or filed in an attempt to suppress Cajun Kleen's lawsuit. PCP and Potts also asked the court to assess attorney's fees in their favor as prevailing parties on the motion to strike.

In response to McCurdy's hybrid motion, PCP and Potts asserted that McCurdy could be personally liable as a member of Cajun Kleen LLC. They further asserted that they had "reason to believe" that Wess McCurdy and Cajun Kleen had visited PCP's customers and told them that the PCP defendants had misappropriated Cajun Kleen trade secrets. (Opp Memo., pg. 6). Plaintiffs-in-counterclaim argued that this inference was warranted from Cajun Kleen's allegations, and information obtained from an undisclosed customer, sufficient to allow

3

discovery on these issues. *Id*., at n2. Plaintiffs-in-counterclaim also submitted the affidavit of Donnie Rider, in which he averred that the formula for Cajun Kleen's cleaning product was not proprietary, but instead commonly used by several other companies in the industrial cleaning products industry. (Rider Affidavit; Opp. Memo., Exh. A).

Cajun Kleen filed its reply memoranda on March 30, 2016. [doc. #s 42 & 44]. Thus, the matter is ripe.

## Discussion

**I.     Special Motion to Strike under Louisiana Code of Civil Procedure Article 971**

   a)     Standard of Review

Louisiana's special motion to strike is codified as Louisiana Code of Civil Procedure Article 971; it provides, in pertinent part, that,

> [a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

La. Code Civ. P. Art. 971(a)(1).

Article 971 is Louisiana's "anti-SLAPP"[2] statute. *Schmidt v. Cal-Dive Int'l, Inc.*, 15-2526, 2016 WL 2354853, at *3 (W.D. La. May 3, 2016). SLAPP is an acronym for Strategic Lawsuit Against Public Participation, which is a term coined to describe generally meritless suits brought by large private interests to deter common citizens from exercising their constitutional right to petition or to punish them for doing so. *Yount v. Handshoe*, 171 So.3d 381, 387 (La. App. 5th Cir. 2015) (citation omitted). "SLAPP suits consist of a civil complaint or counterclaim (for monetary damages and/or injunction) filed against non-governmental individuals and/or groups

---

   [2]   SLAPP is an acronym for Strategic Lawsuit Against Public Participation. *Id*.

because of their communications to a government body, or the electorate on an issue of some public interest or concern." *Id*. At their essence, SLAPP suits threaten a citizen's right to petition because the SLAPP suit limits public participation in the political process. *Id*.

The Fifth Circuit has assumed that Article 971 applies in federal diversity cases. *Block v. Tanenhaus*, 815 F.3d 218, 221 (5th Cir.2016); *Lozovyy v. Kurtz*, 813 F.3d 576, 582 (5th Cir.2015). Here, the principal demand is premised upon federal question jurisdiction, but the counterclaim arises under state law. Nonetheless, federal courts considering analogous anti-SLAPP statutes from other states, have applied the state statutes to pendent state law claims in federal question cases. *See Loop AI Labs Inc v. Gatti*, Civ. Action No. 15-0798, 2015 WL 5158458, at *2 (N.D. Cal. Sept. 2, 2015) (and cases collected therein). In addition, as in *Block* and *Lozovyy, supra*, neither side in this case contests the potential availability of Louisiana's nominally procedural special motion to strike in this federal forum. Accordingly, the court does not do so either.

The Fifth Circuit has recognized that,

> [r]uling on a special motion to strike under Article 971 involves a "burden-shifting analysis for weeding out frivolous claims." The defendant-movant must first make a prima facie showing that Article 971 covers the speech or activity at issue—i.e. that the act sued upon was taken "in furtherance of the . . . right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." Once a prima facie showing is made, the burden shifts to the plaintiff to demonstrate a "probability of success" on his claim. If the plaintiff demonstrates a "probability of success," "the trial court denies the [special] motion and the suit proceeds as it normally would"; if the plaintiff fails to demonstrate a "probability of success," the trial court dismisses the claim.

*Lozovyy v. Kurtz*, 813 F.3d 576, 582 (5th Cir.2015) (internal citations omitted).

Furthermore, the "'probability of success' standard does not permit courts to weigh evidence, assess credibility, or resolve disputed issues of material fact." *Schmidt v. Cal-Dive Int'l, Inc.*, 15-2526, 2016 WL 2354853, at *3 (W.D. La. May 3, 2016) (citation omitted). Thus, the non-

5

movant's burden in opposing an Article 971 motion to strike is equivalent to that of a non-movant opposing summary judgment under Rule 56. *Id.* (citing *Block v. Tanenhaus*, 815 F.3d 218, 221 (5th Cir.2016)).

    b)    <u>Analysis</u>

Applying the foregoing considerations here, the court finds that Cajun Kleen has not made a prima facie showing that Article 971 covers the speech or activity at issue. Assuming, without deciding, that at least a portion of the counterclaim targeted Cajun Kleen's invocation of the judicial process, it is manifest that Cajun Kleen's lawsuit was not filed "in connection with a public issue." Rather, Cajun Kleen filed suit to protect its own proprietary and pecuniary interest in its cleaning products against misappropriation or use by a specific company and associated individuals. Article 971 simply does not apply to suits involving private disputes between private parties. *Yount, supra*; *see also Savoie v. Page*, 23 So.3d 1013, 1016 (La. App. 3d Cir. 2009) (defamation claim by one member of hunting club against another member was not "in connection with a public issue"); *Lyons v. Knight*, 65 So.3d 257, 265 (La. App. 3d Cir. 2011) (malicious prosecution claim brought by interior designer against her former clients in the wake of their allegations of theft that led to the interior designer's criminal prosecution was not "in connection with a public issue"); *Williams v. New Orleans Ernest N. Morial Convention Ctr.*, 92 So.3d 572, 574 (La. App. 4th Cir. 2012) (plaintiff's defamation and discrimination suit brought in response to his banning from the convention center for security reasons was not "in connection with a public issue"); *Schmidt, supra* (defamation and slander lawsuit brought by attorneys against other attorneys and their clients in response to being sued for wilful misrepresentations made to a federal magistrate judge was not "in connection with a public issue").

Having determined that Cajun Kleen's lawsuit was not made in connection with a public

6

issue, further inquiry under Article 971 ceases. *Savoie, supra*. Furthermore, because PCP and Potts are prevailing parties on the special motion to strike, they are entitled to an award of reasonable attorney fees and costs. *Id.*; La. Code Civ. P. Art. 971(B). Accordingly, within 14 days after the District Court enters judgment on the pending motion, PCP and Potts may file a motion for reasonable attorney fees and costs, limited to the issue raised by the special motion to strike.[3]

## II.     Rule 12(b)(6) Motion/Motion for Summary Judgment

### a)     12(b)(6) Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a

---

[3] This case presents an interesting paradox, because although Cajun Kleen failed to establish its prima facie case in support of its motion to strike, PCP and Potts did not meet their burden of establishing probability of success on their claim. *See* discussion, *infra*. Nevertheless, the court may recommend dismissal of the counterclaim against Cajun Kleen for one of the reasons advocated by McCurdy in support of his 12(b) motion to dismiss. *See* discussion, *infra*.

reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,*

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197,

2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958).

In addition, Rule 9(b) requires that circumstances constituting fraud or mistake be alleged with particularity. Fed.R.Civ.P. 9(b). The particularity demanded by Rule 9(b) supplements Rule 8(a)'s pleading requirement. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). Allegations of fraud under Louisiana law asserted in federal court implicate the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986); *Conerly Corp. v. Regions Bank*, 2008 WL 4975080 (E.D. La. Nov. 20, 2008). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). What constitutes sufficient particularity for Rule 9(b) varies with the facts of each case. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). At minimum, however, Rule 9(b) requires a plaintiff pleading fraud to "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 564-565 (5th Cir. 2002) (quoted sources and internal quotation marks omitted). Nonetheless, the "'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b)." *Grubbs*, 565 F.3d at 190.

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred

9

to in the plaintiff's complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

      b)      <u>Analysis</u>

As recited earlier herein, the plaintiffs-in-counterclaim allege that, by taking affirmative action to prevent the sale and marketing of a competing product, defendants-in-counterclaim, McCurdy and Cajun Kleen, committed an unfair and deceptive trade practice in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), La. R.S. § 51:1401, *et seq*. (Counterclaim, ¶ 4). The LUTPA declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are illegal. La. R.S. 51:1405. Furthermore, the "LUTPA grants a right of action to any person, natural or juridical, who suffers an ascertainable loss as a result of another person's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Cheramie Services, Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1057 (La. 2010). There is no limitation on those who may assert a LUTPA cause of action. *Id*.

To recover under LUTPA, however, a plaintiff must show that "the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Quality Envtl. Processes, Inc v. I.P. Petroleum Co., Inc.*, 144 So. 3d 1011, 1025 (La. 2014) (citation omitted). In addition, "the range of prohibited practices under LUTPA is extremely narrow, as LUTPA prohibits only fraud, misrepresentation, and similar conduct, and not mere negligence." *Id*. (citations and internal quotation marks omitted); *see also Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993) (LUTPA does not redress acts of negligence or breach of contract).

Here, the factual allegations in the counterclaim do not suffice to state a LUTPA

violation. First, PCP and Potts allege that the defendants-in-counterclaim contacted PCP's customers and questioned them. (Defenses, ¶ 7). However, the counterclaim does not include any *facts* to indicate that the defendants-in-counterclaim intentionally conveyed any false information to these customers. Indeed, when two business competitors are simply vying for the same customers in the free market, contacting customers does not constitute a LUTPA violation. *Chemtreat, Inc. v. Andel*, Civ. Action No. 03-1917, 2003 WL 22466235, at *2 (E.D. La. Oct. 29, 2003).

Second, PCP and Potts allege that defendants-in-counterclaim falsely accused them of misappropriating their trade secrets. (Defenses, ¶ 8). However, there is no allegation that these false allegations were conveyed to customers (or anyone else). Thus, in all likelihood, the false accusations refer to the allegations made by Cajun Kleen in the principal demand. However, the exercise of judicial process does not provide grounds for an unfair trade practices claim. *Glod v. Baker*, 899 So.2d 642, 649-50 (La. App. 3d Cir. 2005). Moreover, plaintiffs-in-counterclaim do not set forth any facts to suggest that Cajun Kleen brought the instant suit in bad faith or that it did not have a bonafide basis for its claims in this suit.[4]

In short, even after generously construing the factual allegations in the counterclaim in favor of non-movants, the allegations conceivably support no more than negligence on behalf of the defendants-in-counterclaim, which does not suffice to state a claim for relief under LUTPA.[5]

---

[4] In fact, PCP and Potts agreed to the entry of a preliminary injunction enjoining the sale of their own product. [doc. #s 14 & 15]. While defendants continue to contest liability, their joinder in a preliminary injunction is incompatible with a claim that the principal demand was completely baseless and/or brought in bad faith.

[5] The undersigned observes that Cajun Kleen did not join in McCurdy's motion to dismiss. Nevertheless, the court possesses the inherent authority to dismiss a party sua sponte. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*,

Accordingly, dismissal is warranted pursuant to Rule 12(b)(6).[6]

McCurdy also seeks reasonable attorney fees and costs under LUTPA, which dictates that the court *may award* same "[u]pon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment . . ." La. R.S. § 51:1409(A). The decision to award fees lies within the court's discretion. *Double-Eight Oil & Gas L.L.C. v. Caruthurs Producing Co., Inc.*, 942 So.2d 1279, 1286 (La. App. 2d Cir. 2011) (citation omitted). Furthermore, this provision is penal in nature, and therefore subject to strict construction. *Bambulis v. Protective Life Ins. Co.*, Civ Action No. 11-2256, 2012 WL 6161967, at *2 (E.D. La. Dec. 11, 2012) (citation omitted).

Upon consideration, McCurdy has not established that PCP and Potts brought the

---

370 U.S. 626, 630-31 (1962)); *see also, Spann v. Woods*, 1995 WL 534901 (5th Cir. 1995) (unpubl.) (the district court sua sponte dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer); *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties). Also, where a defending party establishes that a plaintiff has no cause of action, this defense should inure to similarly situated defendants. *See Lewis v. Lynn* 236 F.3d 766, 768, 236 F.3d 766 (5th Cir. 2001) (citations omitted).

[6] Having determined that the counterclaim does not state a claim for relief pursuant to Rule 12(b)(6), the court need not reach movant's alternative grounds under Rule 56. Because the court confined its analysis to Rule 12(b)(6), it did not rely on the evidence submitted by the parties. However, even if the court were to consider the affidavit by Donnie Rider, the outcome would be the same. Rider merely set forth *his* knowledge that Cajun Kleen's product was premised upon a commonly used formula. The affidavit does not suggest that the defendants-in-counterclaim were aware of this circumstance.
The court further notes at least two instances in PCP and Potts' brief, where they stated that discovery would support their counterclaim. (Opp. Memo., pgs. 6-7, n.2). However, they have not sought to supplement or otherwise stay the motions pending discovery. *See* April 21, 2016 Order [doc. # 48]. In any event, a Rule 12(b)(6) motion ordinarily is limited to the allegations in the complaint.

counterclaim in bad faith or for purposes of harassment.[7]  Accordingly, the court, in its discretion, declines to award attorney's fees.  *See Bambulis, supra*.

### Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the special motion to strike pursuant to Louisiana Code of Civil Procedure Article 971, and the associated request for a stay of discovery, dismissal of the counterclaim, and award of reasonable attorney's fees [doc. # 29], filed by defendant-in-counterclaim, Cajun Kleen Products, LLC be DENIED.

IT IS FURTHER RECOMMENDED that reasonable attorney's fees and costs be awarded in favor of plaintiffs-in-counterclaim, Professional Car Products, L.L.C. and Rodney Potts, Jr., and against defendant-in-counterclaim, Cajun Kleen Products, LLC, that were incurred by the non-movants in defending the special motion to strike, in an amount to be determined pursuant to motion filed within 14 days after entry of judgment on the motion.

IT IS FURTHER RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 30] filed by defendant-in-counterclaim, Wess McCurdy, be GRANTED, and that the counterclaim be DISMISSED, in its entirety, with prejudice, in favor of both Wess McCurdy and Cajun Kleen Products, LLC.

IT IS FURTHER RECOMMENDED that Wess McCurdy's alternative motion for summary judgment [doc. # 30] be DENIED, as moot.

IT IS FURTHER RECOMMENDED that McCurdy's request for costs and/or fees [doc. # 30] be DENIED.

---

[7] At worst, PCP and Potts were overzealous in filing the counterclaim.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 2nd day of June 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE