UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CAJUN KLEEN PRODUCTS, LLC** | **CIVIL ACTION NO. 16-0062** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **PAUL RIDER, PROFESSIONAL CAR PRODUCTS, LLC, AND RODNEY POTTS, JR.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court are two motions: (1) a Special Motion to Strike ("Motion to Strike") [Doc. No. 29] pursuant to Louisiana Code of Civil Procedure Article 971 and associated request for stay of discovery, dismissal of the counterclaim, and award of attorneys' fees filed by Plaintiff Cajun Kleen Products, LLC ("Cajun Kleen") and (2) a Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) or, Alternatively, Motion for Summary Judgment ("Motion to Dismiss") [Doc. No. 30] filed by Defendant-in-Counterclaim Wess McCurdy ("McCurdy"). Cajun Kleen and McCurdy both seek the dismissal of the counterclaim filed against them by Defendants Professional Car Products, LLC ("PCP"), and Rodney Potts, Jr. ("Potts").

In their Answers, Defenses, and Counterclaim [Doc. No. 23], PCP and Potts assert a counterclaim against Cajun Kleen and a claim against McCurdy under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUPTA"), La. Rev. Stat. 51:1401, *et. seq.* PCP and Potts alleged that, "by taking affirmative action to prevent defendants from continuing to sell and market a product and essentially force defendants out of competition [Cajun Kleen and

McCurdy] have committed unfair and deceptive trade practices in violation of [LUPTA]. " [Doc. No. 23].

On June 2, 2016, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 52] on the pending motions. Article 971 is the anti-SLAPP statute which was promulgated out of concern that defamation suits were burdening free speech rights. *See Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir. 2009). To succeed on a special motion to strike, the movant must first show that Article 971 covers the defamation claim at issue. Article 971 will cover the defamation claim if it "arises from an act by [the defendant] in furtherance of the exercise of his right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue."[1] *Starr v. Boudreaux*, 2007-0652 (La. App. 1 Cir. 12/21/07), 978 So.2d 384, 388-89. Acts which are "in furtherance of a person's right of petition or free speech . . . in connection with a public issue" include "[a]ny written or oral statement or writing made before a . . . judicial proceeding . . . ." or "made in connection with an issue under consideration or review by a . . . judicial body . . . ." LA. CODE CIV. PROCEDURE ART. 971F(1)(a)-(b). If the movant meets his burden at step one, "the burden then shifts to the [non-movant] to demonstrate a probability of success on his claim." *Id*. at 389.

Magistrate Judge Hayes recommended that the Court deny the Motion to Strike, finding

---

[1]Article 971 provides:

A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution **in connection with a public issue** shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

(emphasis added).

2

that Cajun Kleen failed to meet its showing at the first step because the claims in this lawsuit do not raise matters of public concern. Under Article 971, she further recommended that the Court award reasonable attorneys' fees and costs to PCP and Potts as the "prevailing party." She noted, however, the paradox that, if this matter had been of public concern, i.e., if Cajun Kleen had met its burden at the first step, then Defendants/Counterclaimants **could not have shown** that they have a probability of success on the merits. Nevertheless, based on the language of the Article, she recommended an award of attorneys' fees and costs.

However, Magistrate Judge Hayes also found that Potts and PCP have failed to state a claim under the LUPTA against any Defendant-in-Counterclaim. Although only McCurdy filed the Motion to Dismiss, she found that the Court possesses the inherent authority to *sua sponte* dismiss the counterclaim against Cajun Kleen as well.[2] Considering PCP and Potts' allegations, Magistrate Judge Hayes found that Cajun Kleen's alleged questioning of PCP and Potts' customers through McCurdy does not state a claim under LUPTA. PCP and Potts did not allege that any false information was conveyed, only that the customers were questioned. Further, although PCP and Potts assert that they have been falsely accused of misappropriating trade

---

[2]Although a party has a right to respond to a court's *sua sponte* notice of its intent to dismiss a claim, PCP and Potts already had the opportunity to respond to the arguments in support of McCurdy's Motion to Dismiss, and the same analysis was applied to the counterclaim against Cajun Kleen. PCP and Potts had a further opportunity to respond, if they so desired, by filing objections to the Report and Recommendation, but they did not do so. *See Whatley v. Coffin*, 496 F. App'x 414, 415 (5th Cir. 2012) ("A district court may sua sponte dismiss a complaint under Rule 12(b)(6) 'as long as the procedure employed is fair.' . . . 'We have . . . suggested that fairness in this context requires both notice of the court's intention and an opportunity to respond.'") (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998), and *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (internal quotation marks and citation omitted)).

secrets, they do not allege that these accusations were conveyed to customers or anyone else. Nor do they allege Cajun Kleen acted in bad faith; in fact, she points out that the parties agreed to a preliminary injunction.

Finally, Magistrate Judge Hayes recommended that the Court deny McCurdy's request for reasonable attorneys' fees and costs under LUPTA because such an award is limited to actions that are "groundless and brought in bad faith or for purposes of harassment." LA. REV. STAT. § 51:1409(A). At worst, Magistrate Judge Hayes found that Potts and PCP were overzealous, not that they acted in bad faith or for purposes of harassment.

Cajun Kleen filed objections [Doc. No. 53], contending that Magistrate Judge Hayes committed legal error in denying their Motion to Strike, citing the language of Article 971 and relevant case law. Alternatively, Cajun Kleen argues that the Court should dismiss the counterclaim, *sua sponte*, and deny the Motion to Strike as moot. McCurdy raised no objections.

PCP and Potts respond to Cajun Kleen's objections [Doc. No. 54], arguing that the Court should adopt the Report and Recommendation, pointing to the intent of the legislature and other case law relied upon by Magistrate Judge Hayes. PCP and Potts do not object to the dismissal of their counterclaim.[3]

Having reviewed the entire record in this matter and the relevant statutory authority and case law, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Magistrate Judge Hayes' Report and Recommendation. The Court ADOPTS those portions of the Report and

---

[3] It is not surprising that PCP and Potts failed to object to the dismissal of the counterclaim because their counsel stated their intent to dismiss during Potts' deposition held on June 2, 2016, the same day the Report and Recommendation issued. [Doc. No. 53, Potts Depo., p. 19]. While the Court did not rely on counsel's stated intent in reaching its conclusions in this Ruling, it is worthy of note.

Recommendation containing background information and the analysis and recommendations with regard to the Motion to Dismiss. The Court DECLINES TO ADOPT the portion of the Report and Recommendation with regard to Cajun Kleen's Motion to Strike.

For the reasons set forth in those portions of the Report and Recommendation which the Court finds correct under the law and has adopted, McCurdy's Motion to Dismiss is GRANTED, and PCP and Potts' counterclaim against him is DISMISSED WITH PREJUDICE. The Court further agrees with the recommendation of Magistrate Judge Hayes and, acting *sua sponte*, finds that the counterclaim against Cajun Kleen also fails to state a claim as a matter of law, and it is DISMISSED WITH PREJUDICE. Having dismissed the counterclaim, the Court finds that Cajun Kleen's Motion to Strike is DENIED AS MOOT. Having adopted Magistrate Judge Hayes' analysis with regard to Cajun Kleen's request for attorneys' fees under LUPTA and having denied Cajun Kleen's Motion to Strike as moot, the Court finds that no attorneys' fees will be awarded to any party in this matter.

MONROE, LOUISIANA, this 9th day of August, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE